```
MICHAEL K. MEHR SB#71925
ATTORNEY AT LAW
100 DOYLE STREET, SUITE A
SANTA CRUZ CA   95062
(831) 425-5757

ATTORNEY FOR DEBTORS
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE 09-56729ASW |
| | CHAPTER 13 |
| Richard Scott Chalgren and Karen Lee Chalgren, | **RENEWED OBJECTION TO STANDING RE MOTION FOR RELIEF FROM STAY AND REQUEST FOR CONTINUANCE FOR FURTHER DISCOVERY/ PROCEEDINGS** |
| Debtors. | Date: April 13, 2011 |
| _____/ | Time: 2:00 p.m. |
| | Room: 3020 |

## I.

## INTRODUCTION

This Renewed Objection to Standing is being filed at this time because just five days ago, on April 6, 2011, counsel for debtors received a long-awaited response to the debtors' Qualified Written Request to their loan servicer, American Mortgage Servicing, Inc. (hereafter "AHMSI").[1]

---

[1] Debtors' first made a Qualified Written Request to their loan servicer, AHMSI, on July 23, 2009. Although AHMSI acknowledged receipt no answer was ever sent. The debtors made a second Qualified Written Request on January 5, 2011 and received a response dated February 22, 2011, postmarked April 4, 2011, and received by counsel for debtors on April 6, 2011.

1

This letter states that, with respect to the loan at play in this Motion for Relief from Stay proceeding, that "[t]he owner and note holder for the above-mentioned loan is Deutsche Bank National Trust Company, as Trustee for GSR Mortgage Loan Trust 2006-OA1, Mortgage Pass-Through Certificates, Series 2006-OA1. American Home Mortgage Servicing, Inc. "AHMSI" is the mortgage servicer on this mortgage loan and collects payments on behalf of the owner." (Letter from AHMSI, attached hereto as Exhibit "A").

This letter is significant because the "Moving Party" was both Deutsche Bank National Trust Company, as Trustee, and American Home Mortgage Servicing, Inc., as Servicer, and they are both represented by the McCarthy & Holthus firm. The "Moving Party" never explicitly stated previously who was the owner and note holder.

Even the declarations by Matthew B. Learned dated September 1, 2010 and September 10, 2010 (concerning ordering and inspecting/attaching the promissory note) did not indicate who was the owner and note holder and raise questions which still remain after the response to the Qualified Written Request.

On September 1, 2010, counsel for McCarthy & Holthus, Matthew B. Learned, signed a declaration which stated in paragraph 4 that "[o]ur office requested all original loan documents regarding this loan from our client to enable us to review the Original Promissory Note and to prepare declaration pursuant to the Court's request." (See Exhibit "B.") The declaration also states in paragraph 5 that "[o]ur office has been working diligently with our client to obtain the original loan documents. However, as of 09/01/2010, our office has still not received the documents, including the Original Promissory Note." (See Exhibit "B").

On September 10, 2010, Matthew B. Learned signed another Supplemental Declaration purporting that he "inspected and copied the Original Promissory Note" and attached a copy. (See Exhibit "C")

These two declaration raise more questions than they answer.

## II.
## REMAINING QUESTIONS

1. Why did the attorney for "Moving Party" request the "original loan documents" to review the "Original Promissory Note" rather than *the note itself* which would be expected to have all the endorsements or allonges. If the note that Mr. Learned produced is the *note itself* obviously there are no endorsements or allonges since none are set forth on the note except the first one in blank . (This raises questions set forth in # 4 below).

2. What is the meaning of "Original Promissory Note"? Why did counsel capitalize the first letter of each word? Is that a term of art? What does it signify?

3. Can someone vouch that the note that was inspected and copied is the original note rather than an *image* of the note? How can the attorney state that this is the original note? How does he know that this is not a copy?

4. Did the Note–made payable to American Brokers Conduit and bearing a "Pay to the Order of _____ without recourse" stamp ever get delivered and placed in the trust of
the Deutsche Bank National Trust Company, as Trustee for GSR Mortgage Loan Trust 2006-OA1, Mortgage Pass-Through Certificates, Series 2006-OA1 ?

5. If the note did get delivered and placed in the Trust, why does AHMSI have the original loan file including the note in Texas rather than the Custodian of the Trust in New York? [2]

## III.

**THERE IS NO EVIDENCE SUBMITTED TO SHOW THAT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, HAS THE NOTE IN ITS**

---

[2] See email, copy of which is attached from Matt Learned, counsel for "Moving Party" stating that "The original loan file is held by our client at the following address: American Home Mortgage, Collateral Administration,, 1525 S. Belt Line Rd., Coppell, TX 75019." (See Exhibit "D").

3

# POSSESSION AND THAT THE NOTE WAS ACTUALLY DELIVERED TO AND PLACED IN THE TRUST

In order to seek relief from the stay, a movant must have a "colorable claim" in the property protected by the automatic stay. *In re Weisband*, 427 B.R. 13, 18 (Bankr. D. Ariz. 2010) (citing *In re Wilhelm*, 407 B.R. 392, 400 (Bankr. D. Idaho 2009)) . "In order to establish [such a claim], a movant ...bears the burden of proof that it has standing to bring the motion." *In re Weisband,* 427 B.R. at 18.

In order to have a "colorable claim", Deutsche Bank, as Trustee, must either own the note or be entitled to enforce the note. But, 1) *we have no declaration by the custodian of records of the Trust* that Deutsche Bank owns or holds the Note, 2) *we do not have any showing that the note ever was physically delivered to the Trust*, and 3) *we do not have a copy of the Mortgage and Loan Schedule which is part of the Pooling and Servicing Agreement* showing that the note is identified on that schedule.

There have been a series of recent cases which shows that Courts are increasingly requiring such proof. For example, In *U.S. Bank National Association, Trustee, vs. Ibanez*, 458 Mass. 637 (2011) two loans were considered, the Ibanez loan, concerning a private placement memorandum (PPM) and the La Race loan, concerning a securitized trust–which is like the securitzed trust in this case. With regard to the La Race loan, the Court found that the plaintiff in that case (a quiet title action) did not provide any proof of ownership of the mortgage such as a mortgage loan schedule attached to the PSA, a complete chain of assignments, or a single assignment. *Ibanez*, 458 Mass. at 650, 651. In *Countrywide Home Loans v. Kemp*, 440 B.R. 624 (BKCY D. N.J. 2010), the court ruling in a motion to expunge the proof of claim, found that there was no proof that the note ever was placed in the trust of Bank of New York, the trustee of the securitized trust. In fact, at trial, there was testimony by Countrywide that notes were never placed in the trust.

In this case, no later than the cut-off date of the trust-August 24, 2006, there should

4

have been–at a minimum endorsements from American Brokers Conduit (originator) to the sponsor (who we have reason to believe is Goldman Sachs) to GS Mortgage Securities Corp (Depositor) to Wells Fargo Bank, N.A. as Securities Administrator and Master Servicer and Deutsche Bank National Trust Company as Trustee and Custodian. (See Section 2.01 of the Pooling and Service Agreement attached hereto in relevant part as Exhibit "E."). Section 2.01 states in relevant part:

> Section 2.01 <u>Conveyance of Mortgage Loans</u>. a) The Depositor, concurrently with the execution and delivery hereof, hereby sells, transfers, assigns, sets over and otherwise conveys to the Trustee for the benefit of the Certificateholders, without recourse, all the right, title and interest of the Depositor in and to the Trust Fund.
> (b) In connection with the transfer and assignment of each Mortgage Loan, the Depositor has delivered or caused to be delivered to the Custodian on behalf of the Trustee for the benefit of the Certificateholders the following documents or instruments with respect to each applicable Mortgage Loan so assigned.

In this case, no evidence of these endorsements has been presented or any other evidence that the note was placed in the trust. According to the Affidavit and Testimony of Professor Ira Markbloom–one of the most distinguished authorities on New York Trust Law–"Unless an asset is transferred into a lifetime trust, the asset does not become trust property" and "A trustee's act that is contrary to the trust agreement is void." (See Affidavit attached as Exhibit "F.")

The date that the Note was allegedly transferred is critical to an application of the law that "Movants" rely on in their present motion. In their document filed herein in support of the present motion entitled "Secured Creditor's Supplemental Response In Support of Motion For Relief From Stay, dated October 21, 2010, at page 5, lines 3-7, it reads as follows: "Under California Law, the perfection of transfer of a mortgage takes place upon physical transfer of the note to the grantee. *Bear v. Golden Plan of California, Inc.*, 829 F.2d 705, 709 (9th cir. 1986). Pursuant to Cal. Civ. Code 3440, the

lack of physical transfer could render the transfer of the note invalid and/or unperfected pursuant to California Commercial Code 9313-9314."

### IV.

**REQUEST FOR CONTINUATION OF ADEQUATE PROTECTION ORDER PENDING 1) EVALUATION OF LOAN MODIFICATION APPLICATION, AND 2) FURTHER EVIDENCE FROM DEUTSCHE BANK WHO BEARS THE BURDEN OF PROOF AS TO STANDING**

In view of the fact that there is a loan modification application pending review which has not been denied, and the substantial questions concerning standing by Deutsche Bank National Trust Company as Trustee, it is hereby requested that 1) pending a decision on the loan modification and 2) pending further evidence by Deutsche Bank to prove that they hold the note and that the note was placed in the trust before the cut-off date of the trust, that the adequate protection order previously entered by this court remain in force and effect pending restoration of the motion to the court's calendar by either party on 30 days' prior notice.

In the meantime, debtors will seek discovery from Deutsche Bank and will file an objection to claim or adversary proceeding to disallow the proof of claim of Deutsche Bank (an adversary proceeding to expunge the proof of claim was the procedural vehicle followed in *Kemp v. Countrywide Home Loans, Inc.*, 440 B.R. at 625, 634).

Dated: April 11, 2011        /s/ Michael K. Mehr
                             Attorney for Debtors

6